Avery's Lessee *v.* Stites.

proven in *substance,* and in the *sense* and *manner* declared on, and contended that the proof here did not come up to the rule.

*Fox,* contra, cited 1 *Ch. Pl.* 383 ; 2 *John.* 59.

---

### AVERY'S LESSEE *v.* J. G. STITES.

Ejectment—identity of person—doubts.

Doubts should be resolved against persons upon whom rests the onus probandi. Where there is a conveyance of land to a person by *name,* and there be two of the *same* name, evidence is admissible to show which was intended.

EJECTMENT for lots 1 and 2 in Cincinnati.    The title papers exhibited for the plaintiff, were: A deed, P. Moore to Wm. McFarland, Jan. 18, 1804; McFarland to B. Mason, Aug. 7, 1809; Mason to L. Sayre, Nov. 8, 1811.

Proof was made that Sayre was in possession 16 or 17 years ago, and died, leaving the lessors of the plaintiff his heirs; that McFarland was in possession in 1806, and that the defendant was in possession for the last five years.

The defendant offered in evidence: A deed from J. C. Symmes to William Miller, dated the 3d September, 1796, and made proof that the defendant was a grandson of William Mills of Westfield, New Jersey, who died some time since, and that the defendant went into possession in 1819, and built a house on the premises.

The plaintiff in rebutting, showed a deed of Thomas Doyle to P. Moore, in June, 1801, and offered evidence to prove that the lots were sold at auction in 1796, by a man then living at Cincinnati, who called himself William Mills, who was a yankee, and said he bought for Doyle; that Capt. W. Mills, of the army, was a friend of Doyle, and that Mills, of New Jersey, was never in the country.

BY THE COURT    The only questions for the jury seem to be

these: was *the* Wm. Mills, who was the grantee of Symmes, *the* New Jersey William Mills? If so, is the defendant his heir at law? 57] This *latent ambiguity in the deed as to the person intended, may be explained by evidence out of the deed. The circumstances on that point should be all taken into consideration by the jury, and if upon the whole evidence, the jury are satisfied that the New Jersey Wm. Mills was the grantee of Symmes, and that the defendant is the heir at law of the grantee, then the defendant is entitled to a verdict; but if it be found that the title regularly passed from Symmes' grantee to the other Wm. Mills, and from him to the lessors of the plaintiff, they are entitled to a verdict. Of the last state of fact the plaintiff, has undertaken to satisfy the jury, and if he has failed to do so, or left it in doubt, the jury should find for the defendant.